FURNISS *v.* HONE, 8 Wend. 247, 267.

Not Reported in Chancery.

*Sale and Delivery of Goods ; Credit ; Assignment ; Fraud.*

THE respondent *Hone*, filed a bill before the Chancellor, against *Furniss and against Duane*, his assignee, to set aside the assignment, as fraudulent against him, and claiming the proceeds of certain goods bought by F. at auction, and assigned by him to Duane for the benefit of creditors. The goods were sold at auction to be paid for in good, approved, endorsed notes ; and under a usage or custom between auctioneers and purchasers in the city of New York, the goods were delivered to the buyer after the sale, when he called for them and the auctioneer was afterwards to send for the notes. The notes not having been given, were sent for 7 days after the sale, and the buyer having failed and made an assignment of, the goods the question was whether it was an *absolute delivery*, so as to pass the title or only a *conditional delivery ;* so that on the failure to give the notes, the property revested in the vendor.

The *Chancellor* held it a mere conditional delivery and decreed that Duane, as a general assignee to secure antecedent debts, could not hold the goods against the vendor. On appeal from this decree,

The *Court of Errors* reversed the decree; holding that, even if the delivery were conditional and not absolute, that a delay of *seven* days in sending for the notes, would be considered as a waiver of the condition.

Decree reversed, 18 to 4.

☞ See *Haggerty* v. *Palmer*, 6 J. C. R. 437.